IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 15-cv-01352-GPG

JOSEPH LUJAN,

      Plaintiff,

v.

DIANE BALKIN,
RYAN YOUNGREN,
DRU NIELSON,
ERIC ZALE,
JAY GRANT, and
KIM LOMBARDI,`

      Defendants.

_____

ORDER OF DISMISSAL

_____

      Plaintiff Joseph Lujan is in the custody of the Colorado Department of

Corrections and currently is incarcerated at the Colorado Territorial Correctional Facility

in Canon City, Colorado.  He initiated this action on June 22, 2015 by filing *pro se* a

partial Prisoner Complaint pursuant to 42 U.S.C. § 1983.  On June 25, 2015, Magistrate

Judge Gordon P. Gallagher determined that Mr. Lujan appeared to attack the validity of

his state court conviction and sentence.  Thus, Magistrate Judge Gallagher ordered Mr.

Lujan to submit an Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. §

2254 and a properly supported 28 U.S.C. § 1915 motion and affidavit.  Instead, Mr.

Lujan filed an amended Prisoner Complaint (ECF No. 4) on July 27, 2015.  He also filed

a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915

(ECF No. 5), and was granted leave to proceed *in forma pauperis*.

The Court must construe the amended Prisoner Complaint liberally because Mr. Lujan is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the Complaint.

Mr. Lujan has been granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Subsection (e)(2)(B)(i) requires the Court to *sua sponte* dismiss an action at any time if the claims asserted are frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams,* 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the amended Complaint as legally frivolous pursuant to § 1915(e)(2)(B)(i).

The three claims set forth in the Amended Complaint are difficult to understand.  Mr. Lujan appears primarily to challenge the validity of his state court criminal conviction and sentence, and seeks money damages and his immediate release from incarceration as relief.  The named Defendants in this action are district attorneys and public defenders apparently involved in Mr. Lujan's state criminal proceedings.

In Claim One, Mr. Lujan asserts that his Sixth Amendment rights were violated by the district attorneys and public defenders when he entered "into a plea agreement that includes as a material element a recommendation for an illegal sentence is in fact imposed on the Defendant, the guilty plea is invalid and must be vacated because the basis on which Mr. Lujan entered the plea included the impermissible inducement of an

2

illegal sentence."  (ECF No. 5 at 6).

In Claim Two, Mr. Lujan asserts that his procedural due process rights were violated when the "state's nonjudicial mechanisms used to determine the facts [in his case] are sufficient."  (ECF No. 5 at 9).  In support of this claim, he alleges that the public defendants and district attorneys "had Mr. Lujan pled [sic] guilty" before his arraignment was held.  (*Id.,* at 9-11).

In Claim Three, Mr. Lujan asserts an "Eleventh Amendment - Qualified Immunity" claim and alleges that the state officials are not protected by Eleventh Amendment immunity.  (ECF No. 5 at 12-13).

To the extent Mr. Lujan seeks habeas relief for his alleged wrongful conviction and sentence and seeks immediate release from custody, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1). The Court will not consider the merits of any habeas corpus claims in this action.

Moreover, any claims for damages challenging Mr. Lujan's alleged illegal sentence or illegal incarceration are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ.  *Id.* at 486-87.  Although Mr. Lujan apparently argues that he is challenging the allegedly unconstitutional actions by the named

3

Defendants and not the validity of the underlying conviction and sentence, the Court is not persuaded because a judgment in favor of Mr. Lujan in this action necessarily would imply the invalidity of his underlying state court criminal conviction and sentence. Therefore, he may not bring this action unless he has invalidated his conviction or sentence. Mr. Lujan does not allege an invalidation of his conviction or sentence nor is there an indication in the Complaint that he was granted one. Therefore, any claims for damages challenging Plaintiff's criminal state court proceedings are barred by *Heck*.

Finally, even if Mr. Lujan's claims were not barred by *Heck,* those claims still lack merit and must be dismissed as legally frivolous because Mr. Lujan may not sue the named Defendants pursuant to § 1983 for the alleged constitutional violations.

Defendants Diane Balkin and Ryan Youngren are district attorneys. With respect to the prosecutorial activities in which Defendants Balkin and Youngren were involved in Plaintiff's state criminal case, they enjoy absolute immunity from suit under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Mr. Lujan's allegations involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, Defendants Balkin and Youngren are inappropriate parties to this action based on absolute immunity.

Defendants Dru Nielsen, Eric Zale, and Jay Grant are public defenders. A public defender who performs a lawyer's traditional function as counsel to a defendant in a criminal proceeding is not acting "under color of state law" for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Accordingly, Defendants Nielsen, Zale,

4

and Grant are inappropriate parties to this action as well.

Accordingly, it is

ORDERED that the amended Prisoner Complaint and action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  It is

FURTHER ORDERED that the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, in forma pauperis status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Lujan files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED at Denver, Colorado, this   30th   day of     July        , 2015.

BY THE COURT:


   s/Lewis T. Babcock                      
LEWIS T. BABCOCK, Senior Judge
United States District Court